**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>G.L.A.D. ENTERPRISES, LLC,<br><br>  Debtor/Appellant.<br>_____<br><br>G.L.A.D. ENTERPRISES, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, ET AL.,<br><br>  Defendants. | No. 3:19cv1798 (MPS) |

<u>**MEMORANDUM OF DECISION**</u>

Appellant and bankruptcy debtor G.L.A.D. Enterprises, LLC appeals from orders by the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") (1) dismissing its Chapter 7 bankruptcy case with prejudice and imposing a two-year filing bar and (2) abstaining from hearing its adversary proceeding. For the reasons set forth below, I affirm the Bankruptcy Court's order as to the Chapter 7 case, grant the appellees' motions to dismiss as to the appeal concerning the adversary proceeding (ECF Nos. 10, 11), and deny the appellant's motion to stay. (ECF No. 21.)

**I.      Background[1]**

On May 1, 2019, G.L.A.D. filed a Chapter 7 petition in the United States Bankruptcy Court.

---

[1]  The history of this matter is set forth in the Bankruptcy Court's decision.  ECF No. 25-1 at 209.

*In re: G.L.A.D. Enterprises*, No. 19-50604 (Bankr. D. Conn. 2019)(Manning., C.J.).  The petition

listed as assets real properties at 963 Fence Row Drive, Fairfield, Connecticut and 6 Ulbrick Lane,

Westport, Connecticut, and an unrelated civil lawsuit.  On July 10, 2019, the Chapter 7 trustee,

Richard M. Coan, filed a Report of No Distribution, finding that there was

> no property available for distribution from the estate over and above that exempted
> by law.  Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-
> named debtor(s) has been fully administered.  I request that I be discharged from
> any further duties as trustee.  Key information about this case as reported in
> schedules filed by the debtor(s) or otherwise found in the case record:  This case
> was pending for 2 months. Assets Abandoned (without deducting any secured
> claims): $ 6900000.00, Assets Exempt: Not Available, Claims Scheduled:
> $ 7701600.21, Claims Asserted: Not Applicable, Claims scheduled to be
> discharged without payment (without deducting the value of collateral or debts
> excepted from discharge): $ 7701600.

No. 19-50604, ECF No. 23.

On July 18, 2019, after the Trustee's Report finding that there were no assets remaining in

the bankruptcy estate, G.L.A.D. commenced an adversary proceeding against Deutsche Bank

National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust

2006-1 (Deutsche Bank), Ocwen Loan Servicing nka PHH (PHH), Connecticut Attorneys Title

Insurance (CATIC), attorney George Wolf, and the Trustee.  *See G.L.A.D. Enterprises LLC v.*

*Deutsche Bank, et al*., Case No. 19-05018 (Bankr. D. Conn. 2019)(Manning., C.J.).  The complaint

alleged fraud and misrepresentation as to the quitclaim and mortgages of the Fairfield and

Westport properties listed in the Chapter 7 case and claimed that the mortgages were

unenforceable.

On September 11, 2019, Deutsche Bank and PHH, CATIC, and George Wolf each filed

motions to dismiss in the adversary proceeding.  *See* No. 19-05018, ECF Nos. 25, 27, 31.  As

alternative relief, the appellees requested that the Bankruptcy Court abstain from hearing the

adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) because the properties at issue were the

subject of long-standing foreclosure actions in Connecticut state court -- a 2015 action as to the 6 Ulbrick Lane property, *see Deutsche Bank National Trust Co. as Indenture v. Simpson, et al*., FBT-CV15-6053107-S, and a 2016 action as to the 963 Fence Row property, *see Deutsche Bank National Trust Co. as Indenture v. G.L.A.D. Enterprises, LLC et al.,* FBT-CV 16-6059644-S.

On September 17, 2019, the Bankruptcy Court held a pretrial conference at which it discussed the pending motions.  *See* No. 19-05018, ECF Nos. 37, 45.  During the conference, the Court learned that the debtor had ceased making payments on the properties as of May 2008.  *Id.*, ECF No. 45 at 27; ECF No. 25-1 (in the present action) at 201.  The Court further learned that the debtor filed the Chapter 7 action on the same day that trial was scheduled to begin in one of the foreclosure actions.  ECF No. 25-1 at 185, 192-93.  The Court was further apprised that in December 2018, the debtor had filed a Chapter 7 action the day before trial was to begin in the foreclosure action of the Fence Row property.  *See Deutsche Bank v. G.L.A.D. Enterprises, LLC*, FBT-CV-16-6059644-S, No. 192; *see also* ECF No. 25-1 at 195-96.  At the end of the conference, the Court declared its intention to abstain from the adversary proceeding and to dismiss the Chapter 7 action as a bad faith filing and impose a filing ban.  *Id.* at 205.

On October 28, 2019, the Bankruptcy Court issued a Memorandum of Decision in which it explained its decision permissively to abstain from the adversary proceeding under 28 U.S.C. § 1334(c)(1) and to dismiss the Chapter 7 case with prejudice and impose a filing bar.  As to the adversary proceeding, the Bankruptcy Court stated in pertinent part:

> Because the Trustee has abandoned the subject properties, the claims in the Adversary Proceeding, even if successful, have no effect on the efficient administration of the bankruptcy estate. Further, state law issues are completely dominant over bankruptcy issues in this Adversary Proceeding. The Complaint alleges that the notes and mortgages that are the subjects of the pending Foreclosure Actions were obtained by fraud and are unenforceable, and that the actions of the defendants constitute unfair trade practices. These same claims were raised and are directly at issue in the Foreclosure Actions. Under the specific circumstances of

this case, the Superior Court is the more appropriate forum to adjudicate state law issues relating to the properties and any alleged fraud or unfair trade practices, which would have occurred but for the filing of the Debtor's cases. That the claims are based on the same facts and would require the same evidence and witnesses to prove or counter the claims weighs in favor of permissive abstention…. The Court will not interfere with the state court's ability to make a determination on the merits of the Foreclosure Actions. Connecticut law is well settled on foreclosure issues, and where Connecticut law is not settled, the state courts are the proper forums to determine such issues. To the extent that the Superior Court has determined that the Debtor's claims are without merit, any further relief the Debtor may seek should be sought in the state court.

Furthermore, the fact that there are currently two actions pending outside of this Court is a factor that weighs heavily in favor of permissive abstention. . . . The claims that have been brought in this Adversary Proceeding all relate to the Foreclosure Actions, which are not "core" proceedings because they concern issues that cannot be decided by the bankruptcy court. . . . Finally, the argument that the Debtor is forum shopping by commencing this Adversary Proceeding has merit; by filing the Complaint, the Debtor is essentially attempting to relitigate issues already presented or decided in the Foreclosure Actions, proceedings have been pending for more than four years. The Debtor cannot use this Court to prolong or avoid a final determination of these issues by the state court.

ECF No. 1-1 at 5-6.  As to its decision to dismiss the Chapter 7 case with prejudice, the

Bankruptcy Court stated in pertinent part that:

[t]he September 17, 2019 Pretrial Conference provided the Debtor with the opportunity to demonstrate that it filed this Chapter 7 case in good faith.  At that Conference, the Court made clear its concerns about the motivation behind the filing of the Debtor's Chapter 7 case.  The Debtor, who was represented by counsel, had several opportunities to explain its bankruptcy purpose; it failed to make any showing that this Chapter 7 case was filed in good faith.

Therefore, after a review of the record of the Debtor's bankruptcy case and after consideration of the representations made by the parties at the Pretrial Conference, the Debtor's Chapter 7 Case is dismissed as a bad faith filing.  It is clear that the *sole* purpose of filing the Chapter 7 case was to continue to delay trial in the Foreclosure Actions.  The Debtor cannot use this Court as a second opportunity to litigate issues resolved in, or ripe before, the Superior Court, or as a forum in which to employ dilatory tactics.  Such actions are an abuse of the bankruptcy process which the Court cannot condone. . . .

[I]f 'cause' warrants, a court is authorized, pursuant to [11 U.S.C.] § 349(a), to dismiss a bankruptcy case with prejudice to refiling. . . . In light of Debtor's bad faith in filing this Chapter 7 Case, and in bringing an Adversary Proceeding that properly should have been brought by the Chapter 7 Trustee, the Court finds that cause exists to dismiss this case with prejudice and to bar the Debtor from filing for

4

> relief under any chapter of the Bankruptcy Code in any bankruptcy court for a
> period of not less than two (2) years from the date of entry of this Order.

*Id.* at 8-10 (quotation marks; citation omitted; emphasis in original).  The memorandum of decision

was filed on the docket in both the main bankruptcy case (No. 19-50604, ECF No. 30) and the

adversary proceeding.  (Case No.19-5018, ECF No. 40).

On November 7, 2019, G.L.A.D. filed a notice of appeal in the Chapter 7 case (Case No.

19-50604, ECF No. 34) and attached copies of the Bankruptcy Court's memorandum of decision.

It did not file a notice of appeal in the adversary proceeding.  (Case No.19-5018.)

On December 20, 2019, the appellees, Deutsche Bank, CATIC, and PHH, filed motions to

dismiss in this case as to that portion of G.L.A.D.'s appeal pertaining to the adversary proceeding.

(ECF Nos. 10, 11.)  On February 13, 2020, the appellant filed a response (ECF No. 15) and on

January 8, 2020, the appellees filed a reply.  (ECF No. 16.)  On February 25, 2020, the appellant

filed a motion for stay (ECF No. 21) in which it requested that this Court impose a stay on all

proceedings, noting that the Connecticut state court had scheduled trial in the foreclosure action

concerning the 963 Fence Road property.  *Deutsche Bank National Trust Co. v. G.L.A.D.*

*Enterprises*, No. FBTCV No. 16-6059644-S.[2]  Also in February, G.L.A.D. filed a brief in support

of its appeal.  (ECF No. 20.)  On March 11, 2020, the appellees filed their brief (ECF No. 25) to

which G.L.A.D. filed a reply brief.  (ECF No. 28.)

## II.    Legal Standard

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from a final

judgment, order or decree of the Bankruptcy Court.  A district court reviews a bankruptcy court's

---

[2] The State of Connecticut Judicial Branch website indicates that the trial has been rescheduled to
September 22, 2020.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (finding
"no error in the district court's reliance on [a] docket sheet because . . . docket sheets are public
records of which the court could take judicial notice").

conclusions of law *de novo* and its findings of fact for clear error.  *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990).  "A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made."  *In re Buhl*, No. 3:19cv1190(KAD), 2020 WL 1849393, at *3 (D. Conn. Apr. 13, 2020).

Here, the appellant seeks to appeal the Bankruptcy Court's orders dismissing its chapter 7 case with prejudice for cause and abstaining from the adversary proceeding.  "Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion."  *In re Buhl*, 2020 WL 1849393, at *3.  The Bankruptcy Court's decision to abstain from exercising jurisdiction over the adversary proceeding also is reviewed for an abuse of discretion.  *See Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, 580 B.R. 605, 611 (E.D.N.Y. 2018)("[d]istrict courts review a decision to permissibly abstain for an abuse of discretion.")  "A bankruptcy court has abused its discretion if it abstained based on an erroneous view of the law or clearly erroneous factual findings."  *Id.* (internal quotation marks and citations omitted.)

## III.   Discussion[3]

## A.   Adversary Proceeding

On appeal, the appellant G.L.A.D. argues that this Court should reverse the Bankruptcy Court's order abstaining from the Adversary Proceeding because the Bankruptcy Court "violated [G.L.A.D.'s] Due Process Rights."  (ECF No. 20 at 10.)  Specifically, the appellant asserts that it

---

[3] The appellant's submission suffers from a number of deficiencies.  The appellant's brief does not contain a table of contents, a table of authorities, a jurisdictional statement, the applicable standard of review, or a statement of the case, all of which are specifically required by Rule 8014(a).  "Failure to comply with Rule 8014(a) is grounds for dismissing a bankruptcy appeal."  *Ehrlich for Hoffmans Trade Grp. LLC v. Commercial Factors of Atlanta*, 567 B.R. 684, 691 (N.D.N.Y. 2017).  In addition, the appellant failed to file an appendix, as required by Rule 8018.  Rather than dismiss the appeal because of the appellant's noncompliance, however, I will address the merits of the parties' arguments.

should have been permitted to brief the issue and that it had "no notice" that the Bankruptcy Court would rule during the pretrial conference.  (ECF No. 20 at 9.)  The appellees respond that this Court lacks subject matter jurisdiction over the appellant's appeal of the Bankruptcy Court's ruling in the adversary proceeding because G.L.A.D. failed to file an appeal in the adversary proceeding as required by Fed. R. Bank. P. 8002.

Bankruptcy Rule 8002(a)(1) requires that "a notice of appeal must be filed with the bankruptcy court within 14 days after entry of the judgment, order, or decree being appealed." *See* Fed. R. Bank. P. 8002(a)(1).  Rule 8003(a)(1) provides that "[a]n appeal from a judgment, order, or decree of a bankruptcy court to a district court or BAP under 28 U.S.C. § 158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002."  The failure to file a timely notice of appeal deprives the district court of jurisdiction to review an order or judgment of the Bankruptcy Court.  *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)("We therefore follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'").

The appellees argue that although the debtor/appellant timely filed a notice of appeal in the Chapter 7 case, that notice "cannot serve as a notice of appeal in the Adversary Proceeding."  (ECF No. at 10 at 9.)  The appellant disagrees and contends that the notice of appeal it filed in the main bankruptcy case is sufficient because the Bankruptcy Court "combined rulings in the Adversary proceeding with the main Bankruptcy case and issued one memorandum of decision."  (ECF No. 15 at 2.)  I am not persuaded.

As in this case, the appellant in *In re Dorsey*, 870 F.3d 359 (5th Cir. 2017) filed a notice of appeal in the main bankruptcy proceeding but not in the adversary proceeding.  The District Court held that because the debtor had noticed an appeal only in his main bankruptcy proceeding and not in his adversary proceeding, the court did not have jurisdiction to consider issues from the adversary proceeding.  On appeal, the Court of Appeals affirmed, holding that "the district court correctly refused to treat the notice of appeal in the main bankruptcy case as a notice of appeal in the adversary proceeding."  870 F.3d at 363.  The Court of Appeals concluded that the debtor's notice of appeal in the main bankruptcy case "could not serve as a notice of appeal in the adversary proceeding," reasoning that the "main bankruptcy case and adversary proceeding must be treated as distinct for the purpose of appeal. They have separate docket numbers, separate issues, and separate parties." *Id.* at 362 (internal quotations omitted).  The Court went on to explain that "[r]efusing to treat a notice of appeal in the main case as a notice of appeal in the adversary case makes sense because adversary proceedings are discrete judicial units." *Id.* at 363.  For the reasons set forth in *Dorsey*, this Court lacks subject matter jurisdiction over that portion of G.L.A.D.'s appeal concerning the adversary proceeding.[4]

**B.    Chapter 7**

---

[4] Even assuming the Court had jurisdiction, I nonetheless would dismiss the appeal because the debtor lacks standing.  As the appellees point out in the motion to dismiss, *see* ECF No. 10 at 10, the debtor's failure to list the claims asserted in the adversary proceeding in the bankruptcy schedules means that they remained property of the trustee, not the debtor.  "[A]n asset must be properly scheduled in order to pass to the debtor through abandonment . . . . By contrast, [w]hen an action is not disclosed by the debtor, it remains property of the bankruptcy estate even after the case is closed . . . ." *Romeo v. FMA All., Ltd.*, No. 15CV6524, 2016 WL 3647868, at *5–6 (E.D.N.Y. June 30, 2016). *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008)("undisclosed assets automatically remain property of the estate after the case is closed").  "[B]ecause an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed." *Rosenshein v. Kleban*, 918 F. Supp. 98, 103 (S.D.N.Y. 1996).  The debtor-appellant fails even to address this argument in his papers.

The appellant also appeals the Bankruptcy Court's dismissal of the Chapter 7 case and finding of bad faith.  *See* No. 19-50604, ECF No. 39.  Its brief, however, fails to provide any substantive discussion of these issues.

"A bankruptcy court may dismiss a bad faith filing on an interested party's motion or sua sponte." *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir. 1997).  "A determination that a bankruptcy was filed in bad faith is a factual finding reviewed for clear error." *Sapphire Dev., LLC v. McKay*, 549 B.R. 556, 564 (D. Conn. 2016).  In addition, 11 U.S.C. Sec. 349(a) gives the bankruptcy court "the authority, for cause, to dismiss a bankruptcy case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 664 (Bankr. E.D.N.Y. 1998), *aff'd*, 198 F.3d 327 (2d Cir. 1999); *see also In Re Othello*, No. 19-51502, 2020 WL 232836, at *2 (Bankr. D. Conn. Jan. 14, 2020)("[I]f 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling.").

In both the on-the-record pretrial conference and its memorandum of decision, the Bankruptcy Court clearly set forth the reasons underpinning its decision as to the Chapter 7 case – notably that the debtor was involved in state foreclosure actions and had filed its bankruptcy petition to delay and avoid trial.  *See In re Cameron,* No. 3:18cv1165(JCH), 2019 WL 1383069, at *7 (D. Conn. Mar. 27, 2019) (factors indicative of a bad faith filing include where "(1) the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights, (2) the debtor has filed multiple bankruptcy petitions, and (3) the debtor filed his bankruptcy petition on the eve of a foreclosure."); *In re Blumenberg*, 263 B.R. 704, 715 (Bankr. E.D.N.Y. 2001)("A major factor in the decisions running through much of the case law justifying dismissals on the basis of bad faith is the fact that the debtor in each case

filed a bankruptcy petition either to escape the consequences of a previous judgment or to avoid impending proceedings.")

The appellant has failed to argue, much less demonstrate, that any of the bankruptcy court's findings were clearly erroneous or that the Bankruptcy Court abused its discretion.  Instead, the only argument made by the appellant that is pertinent to an appeal of the Bankruptcy Court's ruling is that the Bankruptcy Court violated the appellant's due process rights by failing to allow it to file a brief in response to motions to dismiss that had been filed and the failure to hold a hearing on those motions.  But the appellant does not dispute that the Bankruptcy Court had the authority to abstain sua sponte, *see In re Horowitz*, No. ADV. 09-8434, 2010 WL 814103, at *3 n.3 (Bankr. E.D.N.Y. Mar. 1, 2010)(bankruptcy court may sua sponte permissively abstain from hearing an action), nor has the appellant contested — either on appeal in this Court or during the pretrial conference in the Bankruptcy Court — any of the points made by the Bankruptcy judge during the conference regarding the debtor/appellant's misuse of the Bankruptcy Court to delay proceedings in the state court foreclosure litigation.  The Bankruptcy judge announced her intention to abstain after a hearing, i.e., the September 17, 2019 pretrial conference, during which she questioned debtor/appellant's counsel at length.  At no time during that colloquy did counsel suggest that the Bankruptcy Court's recitation of the procedural history - including the fact that the debtor/appellant filed the bankruptcy on the eve of trial in the state court to take advantage of the automatic stay - was mistaken.  In any event, even if I were to conclude that the bankruptcy judge should have afforded the debtor/appellant more time to address the judge's recitation of the procedural history and her comments regarding the debtor/appellant's abuse of the bankruptcy process, or an opportunity to brief those issues, I would conclude that any error was harmless. Even after multiple rounds of briefing in this Court — in response to the appellees' motions to

dismiss the appeal and in its brief in this appeal — the debtor/appellant has made no showing that the Bankruptcy judge's conclusion that the debtor/appellant abused the bankruptcy process and filed the bankruptcy in bad faith was in any way incorrect; indeed, it has not even attempted to make such a showing.  I therefore conclude that the bankruptcy court acted within its discretion in dismissing the Chapter 7 proceeding with prejudice, that its finding of bad faith was not clearly erroneous, and that any due process violation was harmless.

**IV.    Conclusion**

For these reasons, the Bankruptcy Court's decision is AFFIRMED.  The appellees' motions to dismiss the appeal of the adversary proceeding (ECF No. 10, 11) are GRANTED.  The motions to correct response deadline (ECF No. 12) and to stay (ECF No. 21) are DENIED AS MOOT.  The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                May 29, 2020